IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AMANDA U. AJULUCHUKU,

     Plaintiff,                            No. 2:12-cv-1606 MCE GGH PS

    vs.

VICTORIA'S SECRET,

     Defendant.                        FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff, proceeding in this action pro se, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302(21), pursuant to 28 U.S.C. § 636(b)(1).

        The federal venue statute requires that a civil action based on diversity jurisdiction be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(a).

\\\\\

   To the extent the court can decipher plaintiff's claims (there appears in the complaint a myriad of fanciful allegations[1]), it appears that plaintiff alleges she was lured from either Los Angeles or Atlanta to New York City with the promise of a modeling assignment, but defendant reneged on this promise when she arrived there.

   In this case, defendant does not reside in this district, nor does plaintiff presently reside in this district.  The claim arose in either New York City, which is in the Southern District of New York, or in Los Angeles, which is in the Central District of California.  Therefore, plaintiff's claim should have been filed in the United States District Court for the Southern District of New York or the Central District of California.  "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).  A court may sua sponte dismiss based on defective venue.  Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986).

   Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice.

   These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the

\\\\\
\\\\\
\\\\\

---

[1] For example: "According to statistics more women than men suffer depression.  These women ought to be looking for men in other countries.  They spend their time being jealous of me and my men."  Complaint at 5.

1  specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951

2  F.2d 1153 (9th Cir. 1991).

3  DATED: August 27, 2012

                        /s/ Gregory G. Hollows
                UNITED STATES MAGISTRATE JUDGE

GGH:076/Ajuluchuku1606.ifp-fr.wpd